1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   SANDRA L. GILLILAND,              No. 2:08-cv-01134-MCE-CMK

12          Plaintiff,

13      v.                             MEMORANDUM AND ORDER

14   SAFEWAY INC.,

15          Defendant.

16                        ----oo0oo----

17

18      Through the present action, Plaintiff Sandra Gilliland

19   ("Plaintiff") alleges Defendant Safeway Inc. ("Defendant")

20   wrongfully terminated her for refusing to submit to a drug test.

21   Specifically, Plaintiff alleges violations of the right to

22   privacy and due process under the California Constitution,

23   wrongful termination in violation of public policy, breach of

24   contract, breach of the covenant of good faith and fair dealing,

25   intentional infliction of emotional distress, defamation, common

26   law invasion of privacy, violation of the Confidentiality of

27   Medical Information Act, and violation of California Labor Code

28   sections 2856 and 132a.

                              1

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). For the reasons stated below, Defendant's Motion to Dismiss is GRANTED.[1]

## BACKGROUND[2]

Plaintiff began working for Defendant as a courtesy clerk on July 12, 1977. Plaintiff worked for Defendant until she was terminated on March 31, 2007. The terms and conditions of Plaintiff's employment was covered by the Collective Bargaining Agreement ("CBA") between Plaintiff's union and Defendant.

On May 15, 1999, Plaintiff sustained an injury while checking prices on a store-end display. Plaintiff filed a worker's compensation claim and took nearly eighteen months off work. After Plaintiff's physician released her to return to work, Defendant refused the release and terminated Plaintiff. Plaintiff filed suit in federal court. The matter was resolved and Plaintiff went back to work in January 2002.

On January 24, 2003, Plaintiff was injured at work again. Defendant denied Plaintiff's initial petition for state worker's compensation benefits. In December 2004, the Worker's Compensation Appeals Board ("WCAB") found that Plaintiff had suffered an industrial injury.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[2] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

Plaintiff returned to work as a checker on or about December 22, 2004.[3]  On June 21, 2007, WCAB issued an award in favor of the Plaintiff, finding Plaintiff had suffered 30% permanent disability as a result of the injury sustained on January 24, 2003.

On August 13, 2004, Defendant escorted Plaintiff to Immediate Care Medical Center of Chico, California because an inner ear infection caused Plaintiff to vomit and experience dizziness.  While at the medical center, Defendant requested the medical practitioner to screen Plaintiff for drug use.  However, no drug test was performed because the medical center could not perform the proper drug test and the Defendant did not have proper paperwork.

On August 28, 2004, Defendant suspended Plaintiff for three months due to the incident on August 13, 2004.  On December 2, 2004, Defendant terminated Plaintiff at the grievance proceeding. Later that day, Defendant redacted both the suspension and the termination.  Defendant agreed to issue back pay at a 50% rate for the time period between August 13, 2004 and December 3, 2004, and Plaintiff agreed to release Defendant from liability.

On June 20, 2005, Defendant suspended Plaintiff for three days because Plaintiff had allegedly failed to correctly punch her time card on June 16, 2005, and on other days that month.

///

///

---

[3] Plaintiff states "on or about December 22, 2004" but may have meant December 22, 2003, as the following paragraph states "shortly thereafter on August 13, 2004." (See Compl. ¶¶ 12-13.)

Plaintiff denied incorrectly punching her time cards and
requested that she be shown film footage of the employee break
room.  Defendant showed Plaintiff her June 20, 2005 time card
which had information "whited out."  Defendant did not show
Plaintiff any film footage.

Plaintiff repeatedly requested to transfer to Defendant's
other stores because of the work environment created by her
current managers.  Plaintiff claims she was reduced to working
the least favored shifts, including late night shifts which were
normally assigned to the most junior clerks.

On March 23, 2007, Defendant asked Plaintiff to take a drug
test.  Plaintiff inquired as to whether the test could
differentiate between legally prescribed medications and illegal
street drugs, and whether Defendant could make sure Plaintiff was
administered the correct test.  Defendant did not answer.
Plaintiff then refused consent to the drug test and Defendant
suspended Plaintiff from work.  On May 31, 2007, Defendant
terminated Plaintiff at the union grievance hearing.

On July 17, 2007, the California Insurance Appeals Board
ruled that plaintiff was not disqualified from receiving
unemployment insurance benefits.  On December 17, 2007, the Labor
Commissioner of the State of California ordered Defendant to pay
Plaintiff for vacation time accrued.

Plaintiff filed her Complaint in the Superior Court for
Butte County on March 21, 2007.  Defendant removed the suit to
this Court on May 22, 2008.  Defendant now moves to dismiss this
action pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff has not
opposed Defendant's motion.

1

**STANDARD**

2

3      On a motion to dismiss for failure to state a claim under

4  Rule 12(b)(6), all allegations of material fact must be accepted

5  as true and construed in the light most favorable to the

6  nonmoving party. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336,

7  337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2)

8  requires only "a short and plain statement of the claim showing

9  that the pleader is entitled to relief," in order to "give the

10  defendant fair notice of what the... claim is and the grounds

11  upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.

12  Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a

13  Rule 12(b)(6) motion to dismiss does not need detailed factual

14  allegations, a plaintiff's obligation to provide the "grounds" of

15  his "entitlement to relief" requires more than labels and

16  conclusions, and a formulaic recitation of the elements of a

17  cause of action will not do. <u>Bell Atl. Corp. v. Twombly</u>,

18  127 S. Ct. 1955, 1964-65 (2007) (internal citations and

19  quotations omitted). Factual allegations must be enough to raise

20  a right to relief above the speculative level. <u>Id</u>. at 1965

21  (citing 5 C. Wright & A. Miller, Federal Practice and Procedure

22  § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain

23  something more... than... a statement of facts that merely

24  creates a suspicion [of] a legally cognizable right of action").

25  ///

26  ///

27  ///

28  ///

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant... undue prejudice to the opposing party by virtue of... the amendment, [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**1.   Invasion of Privacy**

Defendant argues that Plaintiff's First Cause of Action, violation of the right to privacy under the California Constitution, is preempted by section 301 of the Labor Management Relations Act ("LMRA").  A state law claim will be preempted under section 301 if "it necessarily requires the court to interpret an existing provision of a [collective bargaining agreement] that can reasonably be said to be relevant to the resolution of the dispute."  Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 693 (9th Cir. 2001); Allis-Chalmers v. Lueck, 471 U.S. 202, 213 (1985).

In the instant case, Plaintiff alleges that Safeway violated her right to privacy under Article I, Section I of the California Constitution by demanding that she take a drug test, and then terminating her employment when she refused.  (Compl. ¶ 27.)

6

Section 3.3 of the CBA authorizes Safeway to discharge any
employee for "just cause."  (Notice of Removal, Ex. B at 7-8.)
The Reasonable Suspicion Policy authorizes Safeway to require
drug testing of employees where there is a reasonable suspicion
of drug or alcohol use and to discipline any employees who refuse
to consent to a test.  (Notice of Removal, Ex. C at 2.)
Plaintiff's claim that Safeway violated her right to privacy by
asking her to take a drug test requires the Court to interpret
both the Reasonable Suspicion Policy and the "just cause"
provision of the CBA.

        If the resolution of a state law claim is substantially
dependant on the interpretation of a collective bargaining
agreement, then that claim must either be treated as a
Section 301 claim, or dismissed as preempted by federal labor
law.  Allis-Chalmers, 471 U.S. at 220.  Treating Plaintiff's
claim as a breach of the CBA, and hence actionable under
Section 301, requires dismissal because the claim is time-barred
by the applicable statute of limitations.

        Claims brought under Section 301 are subject to a six-month
statute of limitations provided for in 29 U.S.C. § 160.  Costello
v. Int'l Bhd. Of Teamsters, 462 U.S. 151, 169-70 (1983).

        Here, Defendant terminated Plaintiff on May 31, 2007.
(Compl. ¶ 7.)  Plaintiff filed the Complaint on March 21, 2008,
nine months and three weeks after the termination of her
employment.  Plaintiff has not alleged any facts that could
suggest an accrual date that would overcome the six-month statute
of limitations.
///

Accordingly, Plaintiff's First Cause of Action, violation of the right to privacy under the California Constitution, must be dismissed.

**2.  Due Process**

Defendant argues that Plaintiff's Second Cause of Action, violation of due process under the California Constitution, must be dismissed because Defendant is not a state actor.  "Only those actions that may fairly be attributed the state...are subject to due process protections."  <u>Coleman v. Dep't of Pers. Admin.</u>, 52 Cal. 3d 1102, 1112 (1991).

In the instant case, Plaintiff alleges that Defendant violated the due process provisions of Article 1, Section 7 of the California Constitution by failing to provide Plaintiff with adequate and timely information regarding her termination. However, Plaintiff fails to demonstrate that there is a state action involved.  Defendant is a corporation, Plaintiff's position is not a governmental position, and Plaintiff was terminated by an employee of Defendant, not a public official. Thus, the termination of Plaintiff did not involve a state action.

Plaintiff has failed to state a claim that would entitle her to relief.  Accordingly, Plaintiff's Second Cause of Action, violation of due process under the California Constitution, must be dismissed.

///

///

**3.   Wrongful Termination in Violation of Public Policy**

Plaintiff's Third Cause of Action asserts that Defendant tortuously terminated Plaintiff's employment in violation of public policy.  (Compl. ¶ 47.)  Specifically, Plaintiff urges that the termination violates the (1) public policy against retaliation for refusing to violate one's right to privacy under the California Constitution, (2) public policy against age and disability discrimination under federal law, (3) public policy against age and disability under state law, (4) public policy against discrimination or discharge for filing Worker's Compensation claim under Cal. Labor Code, and (5) public policy against unfair competition under Cal. Bus. & Prof. Code.  (Compl. ¶ 43.)

A claim of wrongful termination in violation of public policy may arise when an employee is terminated for "exercis[ing] a constitutional or statutory right or privilege.  <u>Green v. Ralee Eng'g Co.</u>, 19 Cal. 4th 66, 76 (Cal. 1998).  To state a wrongful discharge claim, the Plaintiff must establish: (1) an employer-employee relationship; (2) that Plaintiff's termination was a violation of public policy; (3) causation; and (4) damages.  <u>See Holmes v. General Dynamics Corp.</u>, 17 Cal. App. 4th 1418, 1426 n.8 (Cal. App. 4th Dist. 1993).

///

///

///

///

///

"The [public] policy must be (1) delineated in either
constitutional or statutory provisions; (2) 'public' in the sense
that it 'inures to the benefit of the public' rather than serving
merely the interests of the individual; (3) well established at
the time of the discharge; and (4) 'substantial' and
'fundamental.'"  Stevenson v. Superior Court, 16 Cal. 4th 880,
901-02 (Cal. 1997).

### A.    Retaliation under the California Constitution

Defendant argues that Plaintiff's public policy claim based
on the right of privacy must be dismissed because it is preempted
by section 301 of the LMRA.  The application of state law is
preempted by section 301 if such application requires the court
to interpret a provision of the collective bargaining agreement.
Cramer, 255 F.3d 683, 693.  If the "state-law claim can be
resolved without interpreting the agreement itself, the claim is
'independent' of the agreement for [section] 301 [preemption]
purposes."  Lingle v. Norge Div. of Magic Chef, 486 U.S. 399, 410
(1988).  Therefore, if Plaintiff's wrongful termination claim can
be resolved without interpretation of the CBA, then it will not
be preempted by section 301.

In the instant case, Plaintiff alleges that Defendant
terminated her in retaliation for exercising her constitutional
right to privacy by refusing to take a drug test.  (Compl. ¶ 43.)
The right to privacy is a valid public policy upon which
Plaintiff may rest her claim for wrongful termination.
///

1   See Semore v. Poole, 217 Cal. App. 3d 1087, 1097 (Cal. App. 4th

2   Dist. 1990).  However, whether Defendant violated this public

3   policy is unclear because Plaintiff consented to drug testing

4   under some circumstances through the CBA.  In order to determine

5   if the Defendant wrongfully terminated Plaintiff in violation of

6   her right to privacy, the Court must analyze The Reasonable

7   Suspicion Policy and the "just cause" provisions of the CBA.

8   Thus, Plaintiff's wrongful termination claim cannot be resolved

9   without the interpretation of the CBA, and it is preempted by

10  section 301 of the LMRA and time-barred.  (See supra Analysis,

11  section 1.)  Accordingly, Plaintiff's claim for wrongful

12  termination based on the public policy against retaliation for

13  asserting her constitutional right to privacy must be dismissed.

14

15      **B.   Age and Disability discrimination**

16

17      Defendant argues that Plaintiff's wrongful termination claim

18  based on age and disability discrimination must be dismissed

19  because Plaintiff fails to establish a prima facie case.  Both

20  state and federal law analyze disability [and age] discrimination

21  claims under a similar framework.  See Brundage v. Hahn, 57 Cal.

22  App. 4th 228, 236 (1997).  Both require, as a threshold matter,

23  that the plaintiff establish a prima facie case of

24  discrimination.  Id.

25  ///

26  ///

27  ///

28  ///

1   To establish a prima facie case for discrimination, Plaintiff
2   must "provide evidence that (1) [she] was a member of a protected
3   class, (2) [she]...was performing competently in the position...,
4   (3) [she] suffered an adverse employment action, such as
5   termination... and (4) some other circumstance [that] suggests
6   [a] discriminatory motive." <u>See</u> <u>Guz v. Bechtel Nat'l, Inc.</u>,
7   24 Cal. 4th 317, 355 (Cal. 2000).

8       In the instant case, Plaintiff asserts that she is over
9   forty years of age, at the top of her pay scale, and Defendant
10  terminated her to discriminate and retaliate against her for
11  wanting to work through her disability.  (Compl. ¶ 46.)
12  Plaintiff has not pled facts, however, sufficient to show that
13  Defendant acted with a discriminatory motive.

14      To establish a discriminatory motive for age discrimination,
15  Plaintiff must show that she was replaced by a substantially
16  younger person, or that a younger person was treated more
17  favorably.  <u>See</u> <u>Reeves v. Sanderson Plumbing Prod. Inc.</u>, 530 U.S.
18  133, 142-43 (2000); <u>Begnal v. Canfield & Assoc.</u>, 78 Cal. App. 4th
19  66, 73 (2000).  Here, the Complaint does not support a claim for
20  age discrimination because Plaintiff failed to show that she was
21  replaced by a younger person or that younger employees were not
22  asked to submit a drug test.  Thus, Plaintiff has failed to
23  establish a prima facie case for age discrimination.

24      To establish a discriminatory motive for disability
25  discrimination, Plaintiff must show that "she was replaced by a
26  non-disabled person, or was treated less favorably than non-
27  disabled employees."
28  ///

12

1    Daigle v. Liberty Life Ins. Co., 70 F.3d 394, 396 (5th Cir.

2    1995); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802

3    (1973).  Here, Plaintiff indicates only that she is thirty

4    percent disabled (Compl. ¶ 11.) and alleges Defendant terminated

5    her because she wanted to work through her disability.  (Compl.

6    ¶46.)  Plaintiff has not provided any facts that suggest

7    Defendant acted with a discriminatory motive under the above

8    standard.  Thus, Plaintiff has failed to establish a prima facie

9    case for disability discrimination.

10        Accordingly, Plaintiff's claims for age and disability

11   discrimination under federal and state law must be dismissed.

12

13        **C.    Discharge for Filing Worker's Compensation Claim**

14

15        Defendant argues that Plaintiff's wrongful termination claim

16   based on discharge for filing a worker's compensation claim must

17   be dismissed because California Labor Code section 132a cannot

18   form the basis for a common law claim of wrongful discharge in

19   violation of public policy.  In City of Moorpark v. Superior

20   Court, the court held that "[S]ection 132a does not provide an

21   exclusive remedy and does not preclude an employee from...

22   [a] common law wrongful discharge remed[y]."  18 Cal. 4th 1143,

23   1158 (Cal. 1998).

24   ///

25   ///

26   ///

27   ///

28   ///

The policy rationale of Labor Code section 132a is "that there be no discrimination against workers who are injured in the course of their employment,... provid[ing] that '[a]ny employer who discharges, or threatens to discharge' an employee for filing an application for or receiving workers' compensation benefits commits a misdemeanor and is subject to severe penalties." Jersey v. John Muir Med. Ctr., 97 Cal. App. 4th 814, 824 (2002) (quoting Cal. Lab. Code ¶ 132a). Thus, "a discharge in violation of section 132a likewise may support a [wrongful termination] cause of action." Id.; City of Moorpark, 18 Cal. 4th 1143, 1158-61.

Defendant urges that even if section 132a could form the basis for a wrongful termination claim, the Complaint does not support a finding of a causal link between Plaintiff's filing for worker's compensation benefits and her termination. Plaintiff has shown that she filed for worker's compensation benefits in May 1999 (Compl. ¶ 10.) and in January 2003. (Compl. ¶ 11.) Plaintiff has also shown that she was terminated in March 2007. (Compl. ¶ 19.) However, Plaintiff must also show that there is a nexus between the termination and the filing of worker's compensation claims. See Holmes, 17 Cal. App. 4th at 1426.

Defendant argues that there is no causation because the passage of time between when Plaintiff filed for worker's compensation benefits and when she was terminated is too great. Causation may be inferred from the proximity of time between the event and the termination, or with direct evidence of retaliatory motivation. Miller v. Fairchild Industries Inc., 797 F.2d 727, 731 (9th Cir. 1986).

14

Here, the Plaintiff has not properly pled that Defendant possessed a retaliatory motive, and the only facts that could support the inference of causation is the four-year period between when Plaintiff filed her worker's compensation claim and when she was terminated.  While the causation element is usually for the trier of fact, a lengthy passage of time precludes any reasonable inference that the discharge was the result of Plaintiff filing a worker's compensation claim.  See Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir. 1987); Miller, 797 F.2d 727, 731.

In the instant case, four years is not close enough in time to infer that Defendant terminated Plaintiff because she filed a worker's compensation claim.  See Paluck v. Gooding Roofing, 221 F.3d 1003, 1009-10 (7th Cir. 2000) ("[I]n order to support an inference of retaliatory motive, the termination must have occurred 'fairly soon after the employee's protected expression.'"); Yartzoff, 809 F.2d at 1376 (Three months is sufficient to support inference); Villiarimo v. Aloha Island Air, 281 F.3d 1054, 1065 (9th Cir. 2002) ("18-month lapse between protected activity and an adverse employment action is simply too long, by itself, to give rise to an inference of causation."). Thus, Plaintiff has failed to establish a prima facie case for wrongful termination in violation of the public policy against retaliation for filing a worker's compensation claim because the passage of time does not support an inference of causation. Accordingly, the claim should be dismissed.

///

///

15

**D. Unfair Competition**

Defendant argues that Plaintiff's wrongful termination claim based on the public policy against unfair competition must be dismissed because Plaintiff's underlying claims have been dismissed.  Plaintiff is essentially arguing that Defendant violated the public policy against unfair competition because Defendant unlawfully terminated Plaintiff for asserting her right to privacy.  (Compl. ¶¶ 43-47.)  Section 17200 defines unfair competition as "any unlawful, unfair, or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  To establish a claim for wrongful termination under section 17200, Plaintiff must show that Defendant engaged in an unlawful, unfair or fraudulent business practice when Defendant terminated Plaintiff for refusing to take a drug test.  In order to show unlawful conduct, Plaintiff alleges violations of California Constitution, Cal. Labor Code section 132a, ADA, ADEA, and FEHA.  However, since these underlying allegations must be dismissed, any section 17200 claim based on those alleged violations must also fail.  See Lazar v. Hertz Corp., 69 Cal. App. 4th 1494, 1506 (1999).  Accordingly, Plaintiff's wrongful termination claim based on Cal. Bus. & Prof. Code section 17200 must be dismissed.

///

///

///

///

///

///

16

1
2

### 4.    Breach of Contract

3        Plaintiff's Fourth Cause of Action asserts a claim for
4  breach of an express and implied-in-fact contract.  Defendant
5  argues that Plaintiff's breach of contract claim must be
6  dismissed because it is preempted by section 301 and time-barred.
7  A state law claim is preempted by 301 if the claim requires the
8  interpretation of the collective bargaining agreement.
9  Allis-Chalmers Corp., 471 U.S. 202, 220.

10        In the instant case, Plaintiff asserts that Defendant
11  breached both an express and implied-in-fact contract because
12  Defendant failed to disclose the cause of termination to
13  Plaintiff.  Plaintiff claims a contract exists based on the
14  collective bargaining agreement, employee application, policy
15  manuals, workplace postings, communications over time by
16  Defendant, and Defendant's personnel policies.  (Compl. ¶ 52.)
17  The breach of an express contract claim would clearly be
18  preempted because it is based on the CBA, and resolution would
19  require the court to interpret the CBA.  See Cramer, 255 F.3d
20  683, 693.  Furthermore, the breach of an implied-in-fact contract
21  is also preempted because the documents the Plaintiff cites must
22  be read in harmony with the CBA.  See Garley v. Sandia Corp.,
23  236 F.3d 1200, 1210-11 (10th Cir. 2001).  Thus, Plaintiff's
24  breach of contract claim is substantially dependant upon the
25  analysis of the CBA and is preempted by section 301.

26        Accordingly, Plaintiff's Fourth Cause of Action, breach of
27  contract, must be dismissed.
28  ///

17

### 5.   Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff's Fifth Cause of Action asserts that Defendant's termination of her employment breached the covenant of good faith and fair dealing.  Defendant argues that Plaintiff's claim must be dismissed because it is preempted by section 301 of the LMRA and time-barred. "Section 301 preempts the California state cause of action for breach of the implied covenant of good faith and fair dealing when an employee enjoys comparable job security under a collective bargaining agreement." Milne Employees Ass'n v. Sun Carriers, 960 F.2d 1401, 1411 (9th Cir. 1991).  The implied covenant of good faith and fair dealing cause of action developed "to protect the job security of at-will employees who could be fired without cause under common law." Id.; Newberry v. Pac. Racing Ass'n, 854 F.2d 1142, 1147 (9th Cir. 1988)).

In the instant case, Plaintiff's employment relationship is governed by the CBA which contains a "just cause" provision. Thus, Plaintiff enjoys comparable job security to that which the covenant of good faith and fair dealing provides. See Milne, 960 F.2d at 1411; Newberry, 854 F.2d at 1147.  Therefore, Plaintiff's claim for breach of the covenant of good faith and fair dealing is preempted by section 301.  Accordingly, Plaintiff's Fifth Cause of Action must be dismissed.

///
///
///
///
///

1        **6.    Intentional Infliction of Emotional Distress**

2

3        Plaintiff's Sixth Cause of Action asserts that Defendant's

4   intentional and outrageous conduct over an eight-year period,

5   from May 1999 to May 2007, caused Plaintiff to suffer from severe

6   emotional distress.  Defendant argues that the claim must be

7   dismissed because it is preempted by section 301 of the LMRA.

8        A claim for Intentional Infliction of Emotional Distress

9   ("IIED") is governed by a two-year statute of limitations.  Cal.

10  Civ. Code § 335.1; Pugliese v. Superior Court, 146 Cal. App. 4th

11  1444, 1450 (2007).  In the instant case, Plaintiff filed the

12  Complaint on March 21, 2008.  Thus, only Defendant's alleged

13  conduct that took place on or after March 21, 2006 can support

14  Plaintiff's IIED claim.  The only alleged conduct that took place

15  within that period of time is Defendant's demand that Plaintiff

16  take a drug test on March 23, 2007 (Compl. ¶ 19.), and

17  Defendant's termination of Plaintiff during the grievance meeting

18  on March 31, 2007.  (Compl. ¶ 20.)

19       Preemption of IIED claims should be analyzed like any other

20  section 301 preemption claims, however, the "[preemption]

21  analysis becomes more complicated...when evaluating [such]

22  claims" because the "plaintiff [must] show that the defendant's

23  conduct was outrageous, extremely unreasonable, or in some way

24  inappropriate."  Miller v. AT&T Network Sys., 850 F.2d 543, 550

25  (9th Cir. 1988).  In Humble v. Boeing Co., the Ninth Circuit

26  articulated "some general principles to determine when an [IIED

27  claim] will be preempted."  305 F.3d 1004, 1013 (9th Cir. 2002).

28  ///

First, "if the CBA specifically covers the conduct at issue, the claim will generally be preempted." Id. (citing Cook v. Lindsay Olive Growers, 911 F.2d 233, 239-40 (9th Cir. 1990)). Second, "if the CBA does not 'cover' the allegedly extreme and outrageous conduct, the intentional infliction claim will not [be] preempted." Id. (citing Miller, 850 F.2d 543, 55 n.5.) Third, "even if the CBA does purport to cover the conduct at issue, the [IIED] claim still may not be preempted if it has been tacked on to the violation of a separate specific non-negotiable state statute, the violation which always rises to the level of outrageousness." Id. at 1013-14 (citing Miller, 840 F.2d at 550 n.5; Cramer, 255 F.3d 683, 697).

In the instant case, at issue is Defendant's conduct in suspending and subsequently terminating Plaintiff for refusing to take a drug test. The CBA and the Reasonable Suspicion Policy specifically allows the Defendant to request a drug test in certain circumstances and to terminate an employee for just cause. In addition, the conduct at issue cannot be considered per se outrageous because requesting a drug test then terminating an employee for refusing to do so under a CBA does not violate any state statute. See Cramer, 255 F.3d at 697 (holding that the use of two-way mirrors to spy on people in restrooms in violation of California statute is per se outrageous). Thus, Plaintiff's IIED claim is preempted by section 301 because the CBA specifically covers the conduct at issue, and the conduct does not violate a state statute.

Accordingly, Plaintiff's Sixth Cause of Action must be dismissed.

1

### 7.   Defamation

2

3    Plaintiff's Seventh Cause of Action asserts that Defendant
4  injured her reputation by making false statements about her to
5  co-workers and customers. Defendant argues that Plaintiff's
6  defamation claim must be dismissed because it is preempted by
7  section 301 of the LMRA.  If the defamation claim is based on
8  facts "inextricably intertwined" with the terms of the CBA, then
9  the claim is preempted by section 301.  <u>Allis-Chalmers Corp.</u>,
10  471 U.S. 202, 213.

11    In the instant case, Plaintiff does not allege specific
12  statements to support her defamation claim.  Plaintiff only makes
13  general allegations that Defendant "for years" published false
14  remarks and writings to other employees and customers.  (Compl.
15  ¶¶ 67-69.)  Plaintiff's Complaint does not provide specific
16  documents or statements that could be defamatory.  Without such
17  information, it is not possible to determine if the defamation
18  claim is "inextricably intertwined" with the terms of the CBA.
19  Therefore, this Court cannot discern whether the defamation claim
20  is preempted by section 301.

21    Defendant argues that the claim must still be dismissed
22  because Plaintiff failed to identify the defamatory statements in
23  the Complaint.  "Under California law, although a plaintiff need
24  not plead the allegedly defamatory statement verbatim, the
25  allegedly defamatory statement must be specifically identified,
26  and the plaintiff must plead the substance of the statement."
27  ///
28  ///

21

1  Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1216 (E.D. Cal.

2  2004); Scott v. Solano County Health and Soc. Serv. Dept., 459 F.

3  Supp. 2d 959, 973 (E.D. Cal. 2006).  "'General allegations of the

4  defamatory statements' which do not identify the substance of

5  what was said are insufficient."  Id. (citations omitted); See

6  Dowling v. Zimmerman, 85 Cal. App. 4th 1400, 1421 (Cal. App. 4th

7  Dist. 2001) (conclusory allegations that unspecified 'words and

8  actions' and unspecified 'false allegations' harmed reputation

9  not enough to state a claim for defamation).

10       In the instant case, Plaintiff alleges that Defendant

11 "orally and/or in writing made false and unprivileged statements

12 of fact, published to someone other than the [P]laintiff that

13 injured...[P]laintiff's reputation...." (Compl. ¶ 67.)  Plaintiff

14 also alleges that Defendant "intentionally and pointedly

15 published, conveyed, and purveyed by way of management[,] remarks

16 and writing [to] co-workers'...[and] to customers." (Compl.

17 ¶ 69.)  Plaintiff does not identify specific defamatory words,

18 instead relying on vague allegations and legal conclusions.

19 Thus, Plaintiff has not sufficiently pled the claim of defamation

20 and this count of Plaintiff's Complaint must be dismissed.

21       Accordingly, Plaintiff's Seventh Cause of Action,

22 Defamation, must be dismissed.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

**8.    Common law Invasion of Privacy**

Plaintiff's Eighth and Ninth Causes of Action assert common law invasion of privacy claims against Defendant for public disclosure of private facts and placing Plaintiff in a false light.  Defendant argues that both claims are preempted by section 301 of the LMRA.

The elements of the public disclosure of private facts tort are "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is no of legitimate public concern."  <u>Shulman v. Group W. Prods.</u>, 18 Cal. 4th 200, 214 (Cal. 1998) (quoting <u>Diaz v. Oakland Tribune</u>, 139 Cal. App. 3d 118, 126 (Cal. App. 1st Dist. 1983)).  The elements of a false light claim are (1) a public disclosure, (2) which places the plaintiff in a false light, and (3) which is highly offensive to a reasonable person.  Rest. 2d Torts § 652E; <u>Fellows v. Nat'l Enquirer</u>, 42 Cal. 3d 234, 238-39 (Cal. 1986).  If the state common law invasion of privacy torts are based on facts "inextricably intertwined" with the terms of the CBA, then the claim is preempted by section 301.  <u>Allis-Chalmers Corp.</u>, 471 U.S. 202, 213.

In the instant case, Plaintiff alleges that Defendant met with Plaintiff's co-workers to discuss private facts "within [her] confidential records" that dealt "with false revelations" that Plaintiff used drugs.  (Compl. ¶¶ 74-76.)

///

///

///

1   Plaintiff also alleges that Defendant released information that
2   placed "Plaintiff in a false light[,]" that "led the recipients
3   of such information to draw false conclusions[,]" and that "would
4   be objectionable to a reasonable person." (Compl. ¶¶ 81-82.)
5   Plaintiff's invasion of privacy allegations appear to have been a
6   part of the events surrounding Plaintiff's refusal to take a drug
7   test and her subsequent termination.  The allegations question
8   Defendant's behavior in investigating Plaintiff's workplace
9   conduct, in requesting Plaintiff to take a drug test, and in
10  responding to Plaintiff's union grievance.

11      In order to determine if Defendant's conduct is highly
12  offensive and objectionable to a reasonable person, the court
13  would be required to look at the circumstances related to the
14  alleged publication.  Thus, the court is required to look at the
15  parties' rights and obligations under the CBA and the Reasonable
16  Suspicion Policy to determine the nature of Defendant's conduct.
17  Since it is not possible to determine the reasonableness of the
18  alleged publications independent of the CBA, both claims are
19  preempted by section 301.

20      Accordingly, Plaintiff's Eight and Ninth Causes of Action
21  must be dismissed.
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

### 9.    Confidentiality of Medical Information Act


Plaintiff's Tenth Cause of Action alleges that Defendant violated the Confidentiality of Medical Information Act ("CMIA"), California Civil Code Sections 56-56.37, by disclosing Plaintiff's private medical records to Plaintiff's co-workers and Defendant's customers.  Defendant argues that Plaintiff failed to allege that Defendant had "medical information" in their possession, and therefore has not stated a cause of action.

The CMIA protects personal medical information and "specifically sets out a cause of action for [damages] for [employees] whose medical information has been improperly disclosed."  Jennifer M. v. Redwood Women's Health Ctr., 88 Cal. App. 4th 81, 92 (Cal. App. 1st Dist. 2001).  Under the CMIA, "[e]ach employer who receives medical information shall establish appropriate procedures to ensure the confidentiality and protection from unauthorized use and disclosure of that information."  Cal. Civ. Code § 56.20.  Employers cannot "use, disclose, or knowingly permit its employees...to use or disclosure medical information which the employer possesses pertaining to its employees..." without consent. Cal. Civ. Code § 56.20(c).

In the instant case, Plaintiff alleges that Defendant "disclos[ed] to [P]laintiff's co-employees and [D]efendant's customers, matters that were to be kept under lock and key, privy only to those eyes and ears with the requisite security clearance."  (Compl. ¶ 87.)
///

25

1    Plaintiff has not pled any facts that could suggest that

2    Defendant actually received, or had in its possession,

3    Plaintiff's medical information.   Thus, Plaintiff has failed to

4    allege any circumstances which would lead to the finding that

5    Defendant had a duty under the CMIA.   The Complaint merely

6    recites the duty that arises under section 56.20, then makes the

7    legal conclusion that Defendant breached the duty without any

8    factual support.   (Compl. ¶¶ 86-87.)   Thus, Plaintiff failed to

9    state a cause of action under the CMIA.

10       Accordingly, Plaintiff's Tenth Cause of Action must be

11   dismissed.

12

13       **10.   California Labor Code Section 2856**

14

15       Plaintiff's Eleventh Cause of Action asserts that Defendant

16   violated California Labor Code section 2856 by demanding that she

17   perform an illegal act.   Defendant argues that section 2856 does

18   not provide for a cause of action.[4]   Labor Code section 2856

19   states, "[a]n employee shall substantially comply with all the

20   directions of his employer concerning the services on which he is

21   engaged, except where such obedience is impossible or unlawful,

22   or would impose new and unreasonable burdens upon the employee."

23       In the instant case, Plaintiff asserts that she did not

24   violate the duty to comply with direction because Defendant's

25   request that Plaintiff take a drug test is illegal.

26   ///

27   _____

28       [4] Defendant's brief states section 2865, but is clearly
     referring to section 2856.   (See Def's. Mot. to Dismiss, 25-26)

Thus, Plaintiff argues that Defendant cannot terminate her because it is a violation of section 2856.  However, while section 2856 imposes a duty on the employee, the statute does not provide a specific remedy for an employee who is terminated for refusing to perform an allegedly illegal act, and therefore cannot be the sole basis for a cause of action.  See Green v. Ralee Eng'r Co., 19 Cal. 4th 66, 106 (Cal. 1998).

Accordingly, Plaintiff's Eleventh Cause of Action should be dismissed.

**11.   California Labor Code Section 132a**

Plaintiff's Twelfth Cause of Action asserts that Defendant wrongfully discriminated against and discharged Plaintiff in violation of California Labor Code Section 132a.  Defendant argues that the claim is barred by the exclusivity provisions of the WCA.

Cal. Labor Code Section 132a(1) imposes liability on "any employer who discharges...or in any manner discriminates against any employee because he or she has filed...a claim for compensation with his or her employer...."  Proceedings under section 132a(1) "are to be instituted by filing an appropriate petition with the [worker's compensation] appeals board...."  "The [worker's compensation] appeals board is vested with full power, authority, and jurisdiction to try and determine finally all matters specified in this section subject only to judicial review...."  Cal. Labor Code § 132a.

///

27

Thus, the California worker's compensation appeals board is the exclusive forum for an alleged violation of section 132a.  <u>See</u> <u>City of Moorpark v. Superior Court</u>, 18 Cal. 4th 1143, 1156 (Cal. 1998) ("[T]he Workers' Compensation Appeals Board [is] the exclusive forum for pursuing a section 132a claim..."); <u>Leach v.</u> <u>Madera Glass Co.</u>, 31 F. Supp. 2d 1223, 1229 (E.D. Cal. 1998) ("the exclusive forum for an alleged violation of Section 132a is the California workers' compensation appeals board").  Therefore, this Court lacks jurisdiction over Plaintiff's cause of action for violation of Cal. Labor Code section 132a.

Accordingly, Plaintiff's Twelfth Cause of Action must be dismissed.

**CONCLUSION**

Based on the foregoing, Defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

Dated: October 10, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE